## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., | )<br>) |
| Plaintiff, | ) C.A. No. 10-192-UNA<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| LSI CORPORATION and<br>AGERE SYSTEMS, INC., | ) **PUBLIC VERSION**<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR BREACH OF EXPRESS WARRANTY AND BREACH OF CONTRACT

Plaintiff, MOSAID Technologies Inc. ("MOSAID"), for its Complaint against Defendants LSI Corporation ("LSI") and Agere Systems Inc. ("Agere") alleges:

### THE PARTIES

1.  Plaintiff MOSAID is a corporation duly organized and existing under the laws of Canada, having a principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario K2K 2X1, Canada.

2.  Upon information and belief, Defendant LSI is a corporation duly organized and existing under the laws of Delaware, with a principal place of business at 1621 Barber Lane, Milpitas, California 95035.

3.  Upon information and belief, Defendant Agere is a corporation duly organized and existing under the laws of Delaware, with a principal place of business at 1110 American Parkway NE, Allentown, Pennsylvania 18109. Upon information and belief, Agere is a wholly-owned subsidiary of LSI.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the minimum for the Court's jurisdiction and upon information and belief, is between a citizen of a foreign state and citizens of a State.

5. This Court has personal jurisdiction over Defendants in that both LSI and Agere have established minimum contacts with this District. Upon information and belief, Defendants have transacted business in this District and otherwise purposely availed themselves of the privileges and benefits of the laws of the State of Delaware. Upon information and belief, Defendants have also voluntarily submitted themselves to the jurisdiction of the courts of this State because they are Delaware corporations and have registered with the Delaware Secretary of State a registered agent. Therefore, the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (c).

## FACTUAL ALLEGATIONS

7. On or about February 21, 2007, MOSAID and Agere executed a Patent Assignment Agreement ("the Agreement"), in which Agere assigned MOSAID certain patents ("the Agere Patents"). The Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

8. Section 5.1 of the Agreement provides, in relevant part:

███████████████████████████
█████

█████████████████████████████████
█████████████████████████████████
████████████████████

9.   █████████████████████████████
████████████████████████████████
████████.

10.  █████████████████████████████
████████████████████████████████
████

11.   MOSAID relied on ████████████████ Section 5.1 as part of the Agreement when deciding whether to enter into the Agreement and acquire the Agere Patents. In addition, MOSAID relied on ████████████ as part of the Agreement when negotiating the terms of the Agreement, ████████████████████████████

12.   In April 2007, Agere merged with LSI Logic Corporation in forming LSI Corporation.

13.   ████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████

14.   ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████

15.   ███████████████████████████████

███████████████████████████████████████

████

16. By no later than December 23, 2008, MOSAID informed Defendants that they were in breach of ████████████████ Section 5.1(f) of the Agreement ████████

████████████████████████

17. By letter dated February 26, 2010, MOSAID advised Defendants that they were in material breach of the Agreement, including ██████████████████████ ████ Section 5.1(f) of the Agreement ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████

18. MOSAID has performed all obligations, conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

19. As a result of Defendants' breaches of the Agreement, MOSAID has been damaged in an amount not yet ascertained, but upon information and belief is in excess of $75,000.00, plus interest.

20. Pursuant to Section 9.5 of the Agreement, ███████████████████████
███████████████████████████████████████████

## FIRST COUNT
### (Breach of Express Warranty)

21. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-20 of this Complaint as though fully set forth herein.

22. MOSAID has performed all of its obligations under the Agreement.

23. The Agreement ███████████████████████████████
███████████████████████████████████████████
███████████

24. MOSAID relied on ███████████████ as part of the Agreement when it negotiated and entered into the Agreement.

25. Defendants breached ███████████████████████████
███████████████████████████████████████████
███████████████

26. Defendants' breach has caused damage to MOSAID in an amount yet to be ascertained, but upon information and belief is in excess of $75,000.00, plus interest.

## SECOND COUNT
### (Breach of Contract)

27. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-26 of this Complaint as though fully set forth herein.

28. MOSAID has performed all of its obligations under the Agreement.

29. Defendants have materially breached the Agreement by depriving MOSAID of the benefit of the Agreement it reasonably expected, ███████████████████████

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Defendants' actions are also in material breach of the implied covenant of good faith and fair dealing of the Agreement.

30.     Defendants' breaches have caused damage to MOSAID in an amount yet to be ascertained, but upon information and belief is in excess of $75,000.00, plus interest.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure and D. Del. LR 38, Plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for judgment and seeks relief against Defendants as follows:

(a)     For damages in an amount yet to be ascertained, but in excess of $75,000.00;

(b)     For prejudgment interest at the legal rate;

(c)     For reasonable attorneys' fees, if proper, according to proof;

(d)     For all costs of suit; and

(e)     For such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| Henry Bunsow | By: /s/ Philip A. Rovner |
| K. T. Cherian | Philip A. Rovner (#3215) |
| Scott Wales | Jonathan A. Choa (#5319) |
| HOWREY, LLP | Hercules Plaza |
| 525 Market Street, Suite 3600 | P.O. Box 951 |
| San Francisco, California 94105 | Wilmington, DE 19899 |
| (415) 848-4900 | (302) 984-6000 |
| | provner@potteranderson.com |
| | jchoa@potteranderson.com |
| Dated: March 9, 2010 | |
| Public Version: March 15, 2010 | *Attorneys for Plaintiff* |
| | *MOSAID Technologies Inc.* |
| 957166 | |

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY