# SHAW KELLER LLP

Jeffrey T. Castellano
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0703 - Direct
jcastellano@shawkeller.com

**BY CM/ECF AND HAND DELIVERY**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

REDACTED:
PUBLIC VERSION

RE:  *Mosaid Technologies Inc. v. LSI Corporation et al.*, C.A. No. 10-192-RGA-CJB

Dear Judge Burke:

   I write on behalf of LSI Corporation and Agere Systems Inc. ("LSI-Agere"), pursuant to the Court's May 3, 2012 Order (D.I. 177), to request redaction and confidentiality of certain portions of the April 24, 2012 hearing transcript.

## I.  INTRODUCTION

   LSI Corporation and Agere Systems Inc. ("LSI-Agere") submit that certain portions of the transcript of the oral argument held on April 24, 2012 concerning the parties' pending summary judgment motions in the above-mentioned case ("Transcript") are highly confidential. Accordingly, and pursuant to the Court's May 3, 2012 Order, LSI-Agere respectfully requests that the portions of the Transcript designated in this letter be redacted and protected from public disclosure.

## II.  STANDARD

   Public access to judicial records is a long-standing common law right.  *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991).  Public access "promotes public confidence in the judicial system… [and] the bright light cast upon the judicial process by public observation diminishes possibilities for injustice, incompetence, perjury, and fraud."  *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).  However, the right to access judicial records is not absolute.  *See in re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  The presumption of public access to judicial records is rebuttable, and the Court has the supervisory power to deny access "where court files might… become a vehicle for improper purposes."  *Id*.

   To overcome the presumption of public access, LSI-Agere must show that the materials requested are (1) types of information that courts will protect, and (2) the disclosure of such materials will result in a clearly defined and serious injury to LSI-Agere.  *See id*.  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d

SHAW KELLER LLP
The Honorable Christopher J. Burke
Page 2

1059, 1071 (3d Cir. 1984)).  In this case, the information LSI-Agere seek to protect satisfy both criteria to overcome the presumption of public access to judicial records.

### III. ANALYSIS

The portions of the Transcript identified in Exhibit A, attached hereto, are the types of information protected by courts and the disclosure of such information will result in serious injury to LSI-Agere.  Accordingly, the identified portions of the Transcript should be redacted.

First, the proposed redactions contain confidential and sensitive business information. LSI-Agere's proposed redactions fall into one of four specific categories of confidential and sensitive business information and each such category consists of the type of information that courts routinely protect.  *See Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F.Supp.2d 390, 396 (D. Del. 2000) (upholding Special Master's ruling that "consumer research studies, strategic plans, potential advertising and marketing campaigns or financial information" remain confidential because "[t]he federal courts have consistently held that this type of sensitive commercial information is entitled to confidential protection."); *Publicker*, 733 F.2d at 1070-71 (3d Cir. 1984) ("[P]rotection of a party's interest in confidential commercial information" is one exception to the presumption of public access.)

The first category of confidential and sensitive business information LSI-Agere seeks to protect pertains to confidential financial information and licensing strategy.



Thus, each of these three categories of information consists of sensitive business

SHAW KELLER LLP
The Honorable Christopher J. Burke
Page 3

information that Courts routinely protect from public disclosure.  *Id.*; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.")

Second, releasing this confidential and sensitive business information to the public would result in serious injury to LSI-Agere. █████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████ *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) ("courts have refused to permit their files to serve as… sources of business information that might harm a litigant's competitive standing."); *Joint Stock Soc'y*, 104 F.Supp. 2d at 396. ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Finally, not only are the portions of the Transcript that LSI-Agere seek to redact satisfy the requirements necessary for the Court to grant protection of this information, but the information LSI-Agere seeks to protect solely involves the rights of the parties in this case and do not involve matters of legitimate public interest.  In such cases, courts hold this to be a factor weighing in favor of granting an order of confidentiality.  *See Pansy*, 23 F.3d at 788 (3d Cir. 1994) (holding that "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality").

## IV. CONCLUSION

For the foregoing reasons, LSI-Agere respectfully requests that the Court redact the portions of the Transcript discussed above.  A full version of the Transcript with proposed redactions highlighted is attached as Exhibit A.

Respectfully,

*/s/ Jeffrey T. Castellano*

Jeffrey T. Castellano (No. 4837)

Exhibit A

# REDACTED IN ITS ENTIRETY