IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-192-RGA-CJB |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| LSI CORPORATION and | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| LSI CORPORATION and | ) |
| AGERE SYSTEMS INC., | ) |
| | ) |
| Counterclaim-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MOSAID TECHNOLOGIES INC., | ) |
| LENOVO (UNITED STATES) INC., | ) |
| LENOVO GROUP LTD., and | ) |
| LENOVO (SINGAPORE) PTE. LTD., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

**[PROPOSED] STIPULATED AMENDED SCHEDULING ORDER**

Plaintiff and Counterclaim-Defendant MOSAID Technologies Inc. ("MOSAID"), Defendants and Counterclaim-Plaintiffs LSI Corporation and Agere Systems, LLC (collectively, "LSI/Agere"), and Counterclaim-Defendants Lenovo (United States) Inc., Lenovo Group Ltd. and Lenovo (Singapore) Pte. Ltd. (collectively, "Lenovo"), desiring to amend the existing Scheduling Order (Dkt. No. 199), have agreed to the entry of the following Amended Scheduling Order:

WHEREAS the existing Scheduling Order (Dkt. No. 199) set fixed dates for the pretrial conference and trial and imposed other discovery deadlines dependent upon the release of the District Judge's ruling on objections to the Report and Recommendation; and

WHEREAS the District Judge issued a ruling on the objections to the Report and Recommendation on March 29, 2013; and

WHEREAS the parties desire to amend the existing Scheduling Order (Dkt. No. 199) to facilitate preparation for the August 23, 2013 pre-trial conference and September 16, 2013 trial already set by the Court and have stipulated to the following pre-trial schedule.

IT IS HEREBY STIPULATED that:

1. **Discovery.** For purposes of discovery limitations in this order, LSI Corporation and Agere Systems LLC are jointly considered a single party; and Lenovo (United States) Inc., Lenovo Group, LTD, and Lenovo (Singapore) PTE. LTD. are jointly considered a single party.

Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    Discovery Cut Off. All fact discovery in this case shall be completed by May 31, 2013.

    b.    Document Production. Document production shall be substantially complete by October 24, 2012.

    c.    Interrogatories.

        i.    A maximum of 15 additional interrogatories, including contention interrogatories, are permitted to be served by each party on any other party.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties,

contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        d.    Limitation on Hours for Deposition Discovery. Each party is limited to 25 hours of taking testimony by deposition upon oral examination of each of the other parties or representative of a party witness (for a maximum of 50 hours) including, but not limited to, current and former officers, directors, employees and agents, and excluding expert witnesses and non-party witnesses. Any party may seek additional deposition time from the Court if it deems it necessary.

        e.    Disclosure of Expert Testimony.

                i.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due by June 18, 2013. Rebuttal disclosure of expert testimony to contradict or rebut evidence on the same matter identified by another party is due by July 18, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken by August 8, 2013.

                ii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion filed by August 16, 2013.

        f.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

3

order, the parties involved in the discovery matter or protective order dispute shall contact Chambers at (302) 573-4591 to schedule a telephone conference. In addition to contacting Chambers with regard to scheduling the teleconference, the moving party or parties should also file a "[Joint] Motion For Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Motion to Resolve Discovery Dispute."

Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions that are related to discovery matters are, in the first instance, to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

2. **Papers Filed Under Seal**. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

3. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4. **Case Dispositive Motions**. No further case dispositive motions shall be filed.

5. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

6. **Pretrial Conference**. On August 23, 2013, the Court will hold a pretrial conference beginning at 3:00 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order by August 16, 2013. The Plaintiff shall provide a draft pretrial order on all other parties by August 2, 2013. All other parties shall provide their responses to the Plaintiff's draft pretrial order by August 9, 2013. The parties shall meet and confer regarding the pretrial order by August 14, 2013. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

7. **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

be limited to five (5) in limine requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

8. **Jury Instructions, *Voir Dire*, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

9. **Trial**. This matter is scheduled to begin at 9:30 a.m. on September 16, 2013, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| *OF COUNSEL:* |  |
|  | By: */s/ Philip A. Rovner* |
| Henry C. Bunsow | Philip A. Rovner (#3215) |
| Brian A.E. Smith | Jonathan A. Choa (#5319) |
| Jeffrey D. Chen | Hercules Plaza |
| BUNSOW, DE MORY, | P.O. Box 951 |
| SMITH & ALLISON LLP | Wilmington, DE 19899 |
| 55 Francisco Street | (302) 984-6000 |
| Suite 600 | provner@potteranderson.com |
| San Francisco, CA 94133 | jchoa@potteranderson.com |
| (415) 426-4747 |  |
|  | *Attorneys for Plaintiff* |
|  | *MOSAID Technologies Inc.* |
|  | SHAW KELLER LLP |
| *OF COUNSEL:* |  |
|  | By: */s/ John W. Shaw* |
| David E. Sipiora | John W. Shaw (#3362) |
| Daniel S. Young | Jeffrey T. Castellano (#4837) |
| Miranda C. Rogers | David M. Fry (#5486) |
| KILPATRICK TOWNSEND & | 300 Delaware Avenue, Suite 1120 |
| STOCKTON LLP | Wilmington, DE 19801 |
| 1400 Wewatta Street, Suite 600 | (302) 298-0700 |
| Denver, Colorado 80202 | jshaw@shawkeller.com |
| (303) 571-4000 | jcastellano@shawkeller.com |
|  | dfry@shawkeller.com |
|  | *Attorneys for Defendants LSI Corporation and Agere Systems Inc.* |

|  |  |
|---|---|
|  | RICHARDS, LAYTON & FINGER, P.A. |
| OF COUNSEL: | |
| Russell B. Hill | By: /s/ Frederick L. Cottrell, III |
| Jennifer A. Trusso |    Frederick L. Cottrell, III (#2555) |
| SHEPPARD, MULLIN, RICHTER & |    Laura D. Hatcher (#5098) |
| HAMPTON LLP |    One Rodney Square |
| 650 Town Center Drive, 4th Floor |    920 North King Street |
| Costa Mesa, California 92626 |    Wilmington, Delaware 19801 |
|  |    (302) 651-7700 |
|  |    Cottrell@rlf.com |
|  |    hatcher@rlf.com |
|  |  |
|  | *Attorneys for Counterclaim-Defendants* |
| Dated: April 16, 2013 | *Lenovo (United States) Inc., Lenovo Group Ltd., and Lenovo (Singapore) PTE Ltd.* |

IT IS SO ORDERED.

Date: _____

_____
Magistrate Judge Christopher J. Burke

1102468