IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Defendants. | Civil Action No. 10-192-RGA |
| LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>MOSAID TECHNOLOGIES INC., LENOVO (UNITED STATES) INC., LENOVO GROUP LTD., and LENOVO (SINGAPORE) PTE. LTD.,<br><br>Counterclaim-Defendants. | |

MEMORANDUM ORDER

Before the Court is a Motion by LSI Corporation ("LSI") and Agere Systems LLC ("Agere") (collectively "LSI/Agere") for Leave to File Supplemental Answer and Counterclaim. (D.I. 500).

MOSAID Technologies Inc. ("MOSAID") initiated this action against LSI/Agere on March 9, 2010. (D.I. 2). LSI/Agere responded by asserting a counterclaim and added Lenovo (United States) Inc., Lenovo Group Ltd., and Lenovo (Singapore) Pte. Ltd. (collectively "Lenovo") as counterclaim-defendants. (D.I. 10; D.I. 17). On March 29, 2010, the Court

granted summary judgment for Lenovo, effectively removing it from the case. (D.I. 255, at ¶ 14; D.I. 256). The Court also granted summary judgment for MOSAID's claim for breach of warranty against LSI/Agere. *Id.* A trial to determine the amount of damages owed by LSI/Agere is currently scheduled for November 3, 2014. LSI/Agere now seeks leave to assert an additional defense and a new counterclaim against MOSAID.

## I. Background

On February 21, 2007, LSI/Agere entered into the 2007 Patent Assignment Agreement (the "2007 PAA") whereby Agere sold a portfolio of patents to MOSAID. (D.I. 255, at ¶ 2). Under the 2007 PAA, Agere assigned twenty-three issued and pending patents to MOSAID for a payment of $30 million. (D.I. 255, at ¶ 2; D.I. 501, at ¶ 3-4). Agere exercised its right under the 2007 PAA to assign six additional patents to MOSAID on December 23, 2008. (D.I. 501, at ¶ 3). Under the 2007 PAA, MOSAID would pay $5 million annually for the following eight years as consideration for the additional patents. *Id.*, at ¶ 4.

Agere represented and warranted in the 2007 PAA that certain entities held license agreements covering some or all of the patents in the 2007 PAA. (D.I. 255, at ¶ 2). Agere also represented and warranted that certain entities did not have license agreements for any of the patents in the 2007 PAA. *Id.* Lenovo was listed as an entity not having a license agreement with Agere. *Id.* On March 29, 2013, this Court concluded that Lenovo did have a license for patents in the 2007 PAA and granted MOSAID summary judgment for breach of warranty. (D.I. 255, ¶ 10; D.I. 256).

A trial to determine the damages for the breach of warranty was originally set for September 16, 2013, but was postponed. The trial was rescheduled for March 3, 2014. Prior to

that date, the parties completed pretrial exchanges. (D.I. 468, at ¶ 10). Both parties were prepared to begin trial on March 3, 2014, when the trial was again postponed due to inclement weather. The trial is currently scheduled to begin on November 3, 2014.

Following the second postponement of the trial, MOSAID informed Agere on March 18, 2014 that MOSAID would not make the $5 million payment due for 2014. (D.I. 501, Ex. F). On April 8, 2014, LSI/Agere filed a motion for leave to supplement its answer and counterclaim. (D.I. 500). LSI/Agere seeks to assert both a new defense to MOSAID's claim as well as a new counterclaim against MOSAID for breach of the 2007 PAA. (D.I. 501, at ¶ 1).

## II. Legal Standard

Federal Rule of Civil Procedure 15(d) provides that, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Leave to supplement a pleading "is within the sound discretion of the court" and "should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Medeva Pharma Ltd. v. Am. Home Products Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) (citation omitted). The court "should apply the Rule in a manner securing the just, speedy and inexpensive determination of every action." *Id.* (citation omitted). However, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted).[1] In examining prejudice, the Third Circuit has considered whether "additional

[1] *Cureton* addressed a motion for leave to amend a pleading under Rule 15(a). An amendment to a pleading under 15(a) "covers matters that occurred before the filing of the original pleading but were overlooked at the time," while a supplemental pleading under Rule 15(d) "refers to events that occurred after the original pleading was filed." *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir. 1979). Nevertheless, the standard the

discovery, cost, and preparation to defend against new facts or new theories," as a result of granting leave, would cause the non-movant "hardship" and undue prejudice. *Id.*

## III. Discussion

### *A. The Just and Efficient Resolution of This Case*

Permitting LSI/Agere to supplement its answer and counterclaim, at this advanced stage in the proceeding, would be counterproductive to a "just, speedy, and inexpensive determination." Prior to LSI/Agere's new motion, both parties agreed that the only remaining issue in this case was determining the damages caused by LSI/Agere's breach of warranty. (D.I. 468, ¶ 5-6). Both LSI/Agere and MOSAID had completed pretrial exchanges and were ready to begin the trial on March 3, 2014 when the trial was postponed for inclement weather. *Id.*, at ¶ 10. Had the trial occurred as scheduled, the amount of damages owed to MOSAID would have been resolved and this action would have concluded. Allowing LSI/Agere to supplement its pleading now would add new issues and complexity to the case that, in all likelihood, will effectively be settled at the trial court level by resolution of the amount of damages owed to MOSAID.[2] LSI/Agere's ability to claim it was damaged by MOSAID's 2014 conduct is somewhat dependent upon determination of the amount of damages owed by LSI/Agere to MOSAID for its prior breach. Thus, at the conclusion of the trial on November 3, 2014, LSI/Agere's new claim may no longer require judicial resolution. Therefore, limiting the November 3, 2014 trial to only the issue of damages caused by the breach of warranty, as planned, will ensure the most just, expedient, and economical

---

court applies to a motion for leave to supplement under Rule 15(d) "is essentially the same standard that applies to" Rule 15(a). *Medeva*, 201 F.R.D. at 104 n.3 (citation omitted). Therefore, cases addressing Rule 15(a) are applicable to this case. *See Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 559 (D. Del. 2006) (discussing *Cureton* in regard to a motion to supplement).

[2] It is, in my opinion, rarely a good idea to add in issues that implicate the ongoing litigation as a basis for new claims.

disposition of this case at its present stage. Once concluded, both parties will be better positioned to determine whether LSI/Agere has a colorable claim for breach of contract against MOSAID. If LSI/Agere does have a claim, it can file a new complaint at that time.

*B. Undue Prejudice and Delay*

Permitting LSI/Agere to supplement its Answer and Counterclaim would likely further delay the resolution of this matter and unduly prejudice MOSAID. LSI/Agere asserts that the additional claim would not require further discovery or affect the trial schedule. (D.I. 501, at ¶ 14). However, LSI/Agere cannot speak for MOSAID. At the very least, MOSAID must be permitted to answer the new counterclaim. Further, MOSAID indicates, were LSI/Agere granted leave to supplement, it would likely file additional motions for discovery to address the new counterclaim as well as move to bifurcate the trial. (D.I. 504 at 7, 11). Requiring MOSAID to engage in discovery and incur additional expenses to file new motions and briefing to address new issues, when both parties had been fully prepared to resolve this matter, would cause MOSAID undue prejudice at this stage in the proceeding. Further, the need for additional motions and discovery would likely necessitate further amendment to the trial schedule. Therefore, allowing LSI/Agere to supplement would only cause undue prejudice and delay.

## IV. CONCLUSION

For the foregoing reasons, LSI/Agere's Motion for Leave to File Supplemental Answer and Counterclaim (D.I. 500) is **DENIED**.

Entered this 2nd day of July, 2014.

[signature]

United States District Judge